**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 03-381 (1) (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL OR FOR JUDGMENT OF ACQUITTAL** |
| CARLOUS DAILY, | |
| Defendant. | |

Joseph T. Dixon, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Larry E. Reed, **REED LAW OFFICES**, 2000 Plymouth Avenue North, Minneapolis, MN 55411, for defendant.

Following a jury trial, defendant Carlous Daily was convicted of conspiracy to commit armed bank robbery, armed bank robbery, and use of a firearm during a bank robbery.[1]  Daily moves for a new trial or a judgment of acquittal.  For the following reasons, the Court denies the motion.

**BACKGROUND**

Daily was charged with conspiracy to commit armed bank robbery, armed bank robbery and use of a firearm during a bank robbery.  During the trial, the government's case included the testimony of a bank teller at one of the banks that Daily was accused of

---

[1] Daily was acquitted of additional counts of armed bank robbery and use of firearm during a bank robbery.

robbing, Tanya Simmer, and a co-conspirator, Derek Maddox.  In her testimony, Simmer

described the details of the bank robbery.  She described an armed bank robbery in which

the bank employees were bound and the robbers took money from the teller drawers and

the vault.   In addition, Simmer testified to identifying Daily from a series of six

photographs.   Simmer explained that initially she did not identify any of the photos

included in the array due to fear, but later requested to see the photographic display again

and identified Daily.  Maddox testified that both he and Daily planned to commit and

were involved in the bank robberies.  He further testified that Daily was the captain who

led the group of men from California to execute the bank robberies.

Daily argues that a new trial is required on the following grounds.  First, Daily

argues that the Court improperly admitted the evidence of Simmer's pretrial

identification. Daily contends that the pretrial identification of Daily by photographic

display was suggestive, and therefore should have been suppressed by the Court.  Second,

Daily argues that the verdict rested on the unreliable testimony of Simmer.  Specifically,

Daily claims that showing Simmer the suggestive photographic display tainted her in-

court identification of Daily, and that he was denied an opportunity to challenge her in-

court identification in a pretrial hearing.  Last, Daily argues that he was also denied an

opportunity to address the government's argument that the jury could base its verdict

solely on the bank witness' testimony.

Daily also argues a judgment of acquittal is necessary because the evidence is

insufficient to sustain the verdict.   Daily claims the government failed to prove that

money was taken from the bank, and that even if money was taken, the government failed to prove that Daily had stolen it.

## ANALYSIS

### I.      NEW TRIAL

Federal Rule of Criminal Procedure 33(a) permits the court to grant a new trial "if the interests of justice so requires."  The court has "broad discretion in ruling upon a motion for a new trial."  *United States v. Bennett*, 956 F.2d 1476, 1481 (8th Cir. 1992). Nonetheless, the authority to grant new trials "should be used sparingly and with caution." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).

Daily moves for a new trial on several grounds.  Daily first argues the pretrial identification by photographic display was suggestive, and thus tainted his trial. A two part test governs the admissibility of identification evidence.  First, the court determines if the identification procedures were "impermissibly suggestive."  *United States v. Staples*, 2005 U.S. App. LEXIS 11036, at *4 (8th Cir. 2005) (citing *Simmons v. United States*, 390 U.S. 377, 384 (1968)).  If they were, the court examines whether the suggestive procedures created "a very substantial likelihood of irreparable misidentification." *Id*.  Daily points out that Simmer did not, initially, identify Daily in the photographic display and argues that she could not have adequately seen the robbers. However, Daily provides no indication of how either of these factors rendered the

photographic displays or any of the identification procedures suggestive.[2]  Therefore, the

Court finds that the pretrial photographic lineup was not impermissibly suggestive.

Because the Court finds that the photographic display was not suggestive, the display

cannot have caused the pretrial identification to be unreliable.  Accordingly, the Court

also finds that Simmer's viewing of the photographic display was not prejudicial to the

in-court identification.  The Court therefore rejects Daily's argument that the pretrial and

in-court identifications should have been suppressed.

Daily also argues that Simmer's in-court identification of Daily as one of the bank

robbers should have been stricken because Daily was not given an opportunity to

challenge the identification in a pretrial hearing.  As noted above, Simmer did not

initially make an identification.  However, shortly before trial, Simmer informed the

government that she was able to make an identification.  Daily was promptly informed of

this change.  This Court heard argument on the admissibility of this late identification

and, while finding it admissible, postponed the start of trial in part to afford Daily

adequate opportunity to prepare for this testimony.  As a result, the Court finds that Daily

had adequate opportunity to challenge the admissibility of the in-court identification.

Lastly, Daily argues he was impermissibly denied an opportunity to address the

government's closing rebuttal argument that the jury's verdict could be solely based on

Simmer's testimony.  As the Court noted at the close of trial, the government's rebuttal

---

[2] The government suggests that Daily's argument that the photographic display was suggestive may be based on the fact that the photo of Daily included in the array appeared to have a "wandering" left eye.  Because Daily has not identified this argument, the Court need not address it.  *See Watson v. O'Neill*, 365 F.3d 609, 615 (8th Cir. 2004).  Furthermore, Simmer testified that the "wandering" left eye was not the reason she eventually selected Daily's photo.

argument presented no arguments not previously made in the government's initial closing argument. Thus, Daily was able to, and did, address the government's argument in his closing argument and no surrebuttal was called for. Accordingly, the Court finds no basis upon which to grant a new trial.

## II.     JUDGMENT OF ACQUITTAL

Federal Rule of Criminal Procedure 29(a) permits the court to enter a judgment of acquittal, "if the evidence is insufficient to sustain a conviction of such offense or offenses." Although authorized by Rule 29, "jury verdicts are not lightly overturned." *United States v. Barrow*, 287 F.3d 733, 736 (8th Cir. 2002), *cert. denied*, 537 U.S. 1024 (2002). Judgment of acquittal should be granted only "if there is no interpretation of evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *Id*. In making this determination, the court "examines the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." *United States v. Hernandez*, 301 F.3d 886, 889 (8th Cir. 2002). Moreover, the court does not assess the witness's credibility or weigh the evidence when considering a motion for acquittal. *Id.* The court's task is merely to evaluate whether the government has met its burden of proof.

Daily argues that the evidence presented at trial was insufficient to support his conviction because the government failed to prove either the amount of money taken or that it was taken by Daily.

### A.      Conspiracy to Commit Armed Bank Robbery

The jury's verdict on the conspiracy count does not hinge on proof that money was taken and that Daily had taken the money.   To convict a defendant of a conspiracy charge, "the government must show (1) a conspiracy existed; (2) [the defendant] knew of the conspiracy; and (3) he knowingly became a part of the conspiracy." *United States v. Crossland*, 301 F.3d 907, 913 (8th Cir. 2002).   Having reviewed the record in the light most favorable to the verdict, the Court finds the testimony provided by Derek Maddox, a co-conspirator, provided the jury with evidence sufficient to support the verdict on this count.

### B.      Armed Bank Robbery

In order to convict a defendant of armed bank robbery, the government must prove that the defendant (1) took (2) from a person (3) through force or the threat of force (4) property (5) belonging to a bank.  *See* 18 U.S.C. § 2113(a).  The Court has reviewed the witness testimony at trial.  The bank tellers testified that prior to the robbery the vault had contained a significant amount of currency, and that after the robbery it did not.  Moreover, as noted *supra*, Simmer identified Daily and testified to his participation in the robbery.  Based on the above, the Court finds there was sufficient evidence for a jury to convict Daily of armed bank robbery.

### C.      Use of a Firearm during a Bank Robbery

As defined by 18 U.S.C. § 924(c)(1), the firearm offense requires proof that the defendant was carrying or using a firearm during a crime of violence.  Bank robbery and

conspiracy to commit bank robbery both constitute crimes of violence.  *United States v.*

*Johnson*, 962 F.2d 1308, 1312 (8th Cir. 1992).  The Court finds that the government has

fulfilled its burden because in addition to the evidence supporting Daily's conviction for

armed robbery and conspiracy to commit armed robbery, there was witness testimony at

trial describing Daily's use of a firearm during the commission of these offenses.  In sum,

there is no basis on which to grant defendant's motion for a judgment of acquittal.


## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY**

**ORDERED** that defendant's Motion for New Trial or For Judgment of Acquittal [Docket

No. 151] is **DENIED.**


DATED: August 25, 2005                                         s/John R. Tunheim
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                    United States District Judge