# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOUS LINDELL DAILY,<br><br>Defendant. | Criminal No. 03-381 (1) (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING HABEAS RELIEF** |

Joseph T. Dixon, III, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Andrea K. George, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

On May 10, 2005, a jury found defendant Carlous Lindell Daily guilty of one count of conspiring to commit bank robbery, one count of bank robbery, and one count of using a firearm during a crime of violence. The Court sentenced Daily to an aggregate term of imprisonment of 444 months, the bottom of the guideline range as determined at sentencing. The Eighth Circuit affirmed Daily's conviction and the Supreme Court denied Daily's petition for writ of certiorari. *United States v. Daily*, 488 F.3d 796 (8th Cir. 2007), *cert. denied*, 552 U.S. 122 (2008). Daily subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and a motion to amend the pleadings. On April 23, 2010, the Court denied both of Daily's motions.

*United States v. Daily*, No. 03-381 (1), 2010 WL 1665273 (D. Minn. Apr. 23, 2010) ("the April Order").

However, in the course of reviewing and ultimately denying Daily's habeas petition, the Court determined that it was likely there was a calculation error in his sentencing guideline range. Specifically, because Daily is a career offender, his conviction falls within § 4B1.1(c)(2) of the sentencing guidelines. *See* U.S.S.G. § 4B1.1(c)(2) (defining a career offender as one who has "multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c)"). Therefore, his offense level is the greater of either: (1) "the guideline range that results by adding the mandatory consecutive penalty required by the 18 U.S.C. § 924(c)" count (84 months), "to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction **other than** the 18 U.S.C. § 924(c)" count (262 to 327 months); or (2) "the guideline range determined using the table in" § 4B1.1(c)(3), which is 360 months to life. U.S.S.G. § 4B1.1(c)(2)(A)-(B) (emphasis added). Following this formulation, Daily's guideline range, properly calculated, is 360 months to life. *See Daily*, 2010 WL 1665273 at \*7.

Based on this information, in the April Order the Court issued "an Order to Show Cause why the Court should not find that Daily's trial and appellate counsel were ineffective in failing to challenge the guideline range recommended by the Pre-Sentence Report and adopted and used at sentencing, which was 444 months to life." *Id.* at \*8. Having reviewed the parties' responsive briefs and all other relevant record evidence and

argument, the Court concludes that Daily is entitled to habeas relief on the ground of ineffective assistance of counsel. The Court reduces Daily's sentence to a term of 420 months.

## ANALYSIS

Generally, a habeas petitioner may not raise on collateral review an issue that could have been raised during the course of his direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) ("[O]rdinary questions of guideline interpretation . . . [which do not present a] 'miscarriage of justice' . . . do not present a proper section 2255 claim."); *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (noting the absence of precedent in which a guidelines error was held to be a miscarriage of justice). However, a habeas petitioner may use facts relating to guideline calculation errors – including his counsel's failure to object at sentencing – to support a claim for ineffective assistance of counsel under § 2255. *Auman*, 67 F.3d at 162.[1]

---

[1] *Sun Bear*, which addressed the applicability of the "miscarriage of justice" standard to a habeas petitioner's attempt to **re-litigate** the matter of an alleged error in guidelines **interpretation** already raised on direct appeal, does not disrupt the principle that counsel's failures with regard to a guideline calculation can support § 2255 relief on the ground of ineffective assistance of counsel. *Id.* at 701 ("[T]he career offender issue was raised and rejected on direct appeal. With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal."). Unlike in *Sun Bear*, the issue of Daily's guideline calculation error was not raised on direct appeal due to the ineffective assistance of his counsel, and it is an undisputed error of calculation, not interpretation.

Under the familiar framework established by *Strickland v. Washington*, 466 U.S. 668 (1984), "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Keys v. United States*, 545 F.3d 644, 646 (8th Cir. 2008) (internal quotation marks omitted) (citing *Strickland*, 466 U.S. at 694). The first *Strickland* prong is satisfied when "counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment . . . ." *Auman*, 67 F.3d at 162. In *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990), the Eighth Circuit concluded that "trial counsel's failure to object at the sentencing hearing to a[n incorrect] base offense level was equivalent to [the defendant] having no trial counsel at all[,]" thereby satisfying the first *Strickland* prong. *See also United States v. Curtis*, 360 Fed. Appx. 413 (4th Cir. 2010) (finding counsel's failure to object to incorrectly calculated guideline range "objectively unreasonable"). Ensuring that the Court considered a sentence in light of a correctly calculated guideline range is a crucial function of trial counsel at the sentencing stage, and of appellate counsel on direct appeal. As in *Ford*, Daily was deprived his Sixth Amendment right to counsel when the calculation error was left undisturbed.

The *Ford* court further concluded, as does the Court in this case, that counsels' failure to object to the incorrectly calculated guideline range also satisfied the second *Strickland* prong. *Ford*, 918 F.2d at 1350 ("Had [defendant]'s trial counsel objected to the base offense level . . . , it is possible the district court would have modified the level

. . . . Counsel's error [therefore] had an effect on [the defendant's] sentence . . . ."); *see also Curtis*, 360 Fed. Appx. at 415 (finding ineffective assistance where "there is a reasonable possibility that, had counsel objected to the erroneous Guidelines range, the district court would have sentenced [the defendant] at the low end of the proper Guidelines range, which was six months less than his current sentence"). The government concedes that a sentencing guideline range calculation error occurred, but argues that the Court's initial sentence of 444 months fell within the applicable range of 360 months to life, and that it was, and still is, a reasonable sentence. The Court, however, finds prejudice in the failure of Daily's counsel to object to the range calculation. While not bound by the sentencing guidelines when it sentenced Daily, the Court was nonetheless influenced by the suggested range in determining an appropriate sentence. Had the Court been made aware of the correct guideline range, it would have sentenced Daily to 420 months.

While the Court found the grounds for ineffective assistance specifically identified in Daily's habeas petition without merit, the Court concludes that Daily was prejudiced by his counsel's failure to object to the sentencing guideline range.[2] Accordingly, the Court grants Daily habeas relief in the form of a sentence reduction to 420 months.

---

[2] In finding ineffective assistance of counsel, however, the Court notes that the guideline calculation error went unnoticed not only by Daily's trial counsel and appellate counsel, but also by the government's attorneys and initially by the Court itself. The Court also notes that, at this stage, it appears that a finding of ineffective assistance of counsel is the only available mechanism by which to remedy the sentencing error.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Daily's sentencing judgment [Docket No. 165] is amended. Daily's sentence of 444 months is reduced to 420 months, which includes 60 months on Count 1, 336 months on Count 2 to run concurrent, and 84 months on Court 4 to run consecutively to Counts 1 and 2.

DATED: September 7, 2011           _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                        United States District Judge