# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOUS LINDELL DAILY,<br><br>Defendant. | Criminal No. 03-381(1) (JRT/FLN)<br><br>**ORDER DENYING § 2255 MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Carlous Lindell Daily, No. 39587-048, U.S. Penitentiary, Victorville, P.O. Box 3900, Adelanto, CA 92301, *pro se*.

Michael L. Cheever, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Petitioner Carlous Lindell Daily is serving a 420-month term of imprisonment for bank robbery offenses. This Court resentenced Daily following a prior motion under 28 U.S.C. § 2255, which prompted the Court's discovery of an error in Daily's initial sentencing. Daily has now filed several additional § 2255 motions and supplemental memoranda challenging both of his prior sentencings. The United States moves to dismiss several of Daily's motions. Because Daily has not shown that a new rule of constitutional law applies retroactively to alter his sentence or that he suffered ineffective assistance of counsel, the Court will deny Daily's motions.

## BACKGROUND

On May 10, 2005, a jury found Daily guilty of one count of conspiring to commit bank robbery, one count of bank robbery, and one count of using a firearm during a crime of violence. (Jury Verdict, May 10, 2005, Docket No. 150.) The jury acquitted Daily of an additional count of bank robbery and an additional count of using a firearm during a crime of violence. (*Id.*) On October 3, 2005, Daily was sentenced to a total of 444 months imprisonment – the bottom of the guideline range determined at sentencing. (J. in Criminal Case ("2005 J."), Oct. 13, 2005, Docket No. 165.) The Eighth Circuit affirmed Daily's conviction and the Supreme Court denied Daily's petition for writ of certiorari. *United States v. Daily*, 488 F.3d 796 (8th Cir. 2007), *cert. denied*, 552 U.S. 1222 (2008).

On January 28, 2009, Daily filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, Jan. 28, 2009, Docket No. 265.) In reviewing the motion, the Court noticed an error in the sentencing guideline calculation applied at Daily's sentencing, and after requesting briefing from the parties, found Daily was entitled to relief based on his counsel's failure to object to the erroneous guideline range. (Mem. Op. & Order Den. Mot. to Vacate ("2010 Order") at 16, Apr. 23, 2010, Docket No. 274; Mem. Op. & Order Granting Habeas Relief, Sept. 7, 2011, Docket No. 294.) On August 11, 2011, considering the corrected guideline range, the Court resentenced Daily to a total term of 420 months imprisonment. (Am. J. in Criminal Case ("Am. J."), Sept. 7, 2011, Docket No. 295.) The Court denied Daily's motion to vacate

in all other respects.[1] (2010 Order at 7-15; Order Den. Pro Se Mot., Sept. 7, 2011, Docket No. 293.) The Eighth Circuit upheld the new sentence. *United States v. Daily*, 703 F.3d 451 (8th Cir. 2013).

In 2014, Daily again attempted to file a § 2255 motion. The Clerk of Court sent Daily a letter explaining that the application appeared to be a successive petition under § 2255, and that Daily needed to obtain pre-authorization from the Eighth Circuit prior to filing. (Letter from Clerk's Office, Apr. 8, 2014, Docket No. 317.) On April 28, 2014, Daily responded by filing a motion to amend judgment pursuant to Rule 59(e), (Mot. to Am. J., Apr. 28, 2014, Docket No. 318), which the Court denied on May 28, 2014, (Order, May 28, 2014, Docket No. 319.) Daily also filed a motion for a certificate of appealability, (Req. for Issuance of Certificate of Appealability, Sept. 8, 2014, Docket No. 321), which the Court denied, (Order, Oct. 20, 2014, Docket No. 323).

Daily appealed the Court's denial of his motion to amend judgment. (Notice of Appeal, Sept. 8, 2014, Docket No. 320.) The Eighth Circuit construed the appeal as a petition for a writ of mandamus, which it granted, and directed the Court "to rule on Petitioner Daily's § 2255 motion." (J. of USCA, Nov. 10, 2014, Docket No. 327.) The Eighth Circuit denied the United States' petition for rehearing.

---

[1] Additionally, Daily filed a document he referred to as an opening brief, on August 4, 2011, which the United States refers to as his second § 2255 motion. (Opening Br. for Def., Aug. 4, 2011, Docket No. 291; Government's Mem. in Opp'n at 5-6, Dec. 8, 2015, Docket No. 335.) However, the Court interpreted that filing as relating to Daily's initial § 2255 motion, and not as a separate motion. (*See* Order Den. Pro Se Mot. at 1-2, Sept. 7, 2011, Docket No. 293.)

Daily refiled the attempted 2014 motion with the Court on October 26, 2015. (Mot. to Vacate ("2014 Mot."), Oct. 26, 2015, Docket No. 331.) Daily also filed a supplemental petition on January 4, 2016, (Suppl. Mot. to Vacate, Jan. 4. 2016, Docket No. 337), and two additional supplemental motions or memoranda in June and August 2016, (Suppl. Mot. & Mem. of Law, June 20, 2016, Docket No. 343; Pet.'s Req. for Enlargement of Time to File Suppl. Mot., Aug. 29, 2016, Docket No. 345). The United States moved to dismiss two of these supplemental filings. (Government's Mot. to Dismiss, Jan. 6, 2016, Docket No. 339; Government's Mot. to Dismiss, June 21, 2016, Docket No. 344.) The Court will now consider these pending motions.[2]

## ANALYSIS

### I. STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d

---

[2] The Court previously stayed consideration of Daily's motions pending the Supreme Court's consideration of *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015). (Order, Feb. 27, 2017, Docket No. 347.) The Supreme Court issued an opinion in *Beckles* on March 6, 2017. 137 S. Ct. 886 (2017).

1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II. JURISDICTION

First, the United States initially challenged the Court's jurisdiction to hear Daily's petition, arguing that it was second and successive under 28 U.S.C. § 2255(h). However, the United States now acknowledges that Daily's motion is not second or successive because it follows his resentencing, which constitutes a new judgment. (Government's Mem. in Opp'n to Def.'s 2016 § 2255 Mot. at 1-2, June 16, 2016, Docket No. 342); *see also Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) ("[W]here . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all." (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007))).

## III. STATUTE OF LIMITATIONS

The United States argues that Daily's § 2255 motion is barred by the one-year statute of limitations. 28 U.S.C. § 2255(f). In relevant part, § 2255(f) provides that the statute of limitations begins to run on "the date on which the judgment of conviction becomes final." "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, Daily's statute of limitations began to run on April 15, 2013, which is ninety days after the Eighth Circuit's decision, dated January 15, 2013, affirming his new sentence. *See id.*; Supreme Court

Rule 13.1 (requiring a petition for writ of certiorari be filed within ninety days after entry of judgment). Daily submitted his 2014 motion on April 7, 2014. (*See* Letter from Clerk's Office; 2014 Mot. (showing initial date stamp of April 7, 2014).) Thus, Daily's 2014 motion was timely because he submitted it within a year after his second judgment of conviction became final.

Moreover, because Daily filed his additional § 2255 motions and supporting memoranda while his prior § 2255 motion was pending, the Court construes them as motions to amend, and they are not barred as second or successive petitions. *United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014); *see also* Fed. R. Civ. P. 15(a)(2) (stating that leave to file a motion to amend should be "freely give[n] . . . when justice so requires"). Accordingly, the Court will consider all of Daily's filings.

## IV. CHANGE IN THE LAW

### A. *Alleyne*

Daily first argues that he is entitled to a new sentencing because of changes in the law affecting his sentence. Daily cites *Alleyne v. United States*, in which the Supreme Court overturned prior case law and established a new rule, finding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. 2151, 2155 (2013). The statute at issue in *Alleyne* provides that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall be sentenced to a term of at least ten years if the firearm was "discharged," to a term of at least seven years if the firearm was "brandished," and if neither of those apply, to a term of at least five

years.  18 U.S.C. § 924(c)(1)(A).  The Court found that the jury would have to find the defendant "brandished" the gun in order for that fact to increase the applicable mandatory minimum from five to seven years.  *Alleyne*, 133 S. Ct. at 2163-64.

Daily argues that the jury, rather than the Court, must find that he "brandished" a firearm in order to increase the minimum sentence for his offense.  However, *Alleyne* was decided after Daily's conviction became final, and thus, Daily cannot rely on it here unless the holding has retroactive application to cases on collateral review.  *Teague v. Lane*, 489 U.S. 288, 310-11 (1989).  The Eighth Circuit has held that "even if *Alleyne* announced a new constitutional rule, that rule does not apply retroactively on collateral review."  *Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016).  Thus, because *Alleyne* does not apply retroactively to Daily's sentencing, his claim based on *Alleyne* fails.

**B.**     ***Johnson***

Daily's later filings rely on the recent Supreme Court ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson* the Supreme Court considered a provision of the Armed Career Criminal Act ("ACCA"), which defined "violent felony" as:

> any crime punishable by imprisonment for a term exceeding  one year . . . that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Court invalidated the italicized portion, referred to as the "residual clause," as unconstitutionally vague, because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. *Johnson* established a new rule of substantive law, and thus, it applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Daily makes two arguments under *Johnson*. First, Daily argues that the residual clause of the career offender sentencing guideline is also unconstitutionally vague. *See, e.g.*, U.S.S.G. § 4B1.2(a)(2) (2011). This challenge, however, is foreclosed by the recent Supreme Court opinion, *Beckles v. United States*, in which the Court rejected extending the *Johnson* holding to § 4B1.2(a)(2), reasoning that the Guidelines were "not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

Second, Daily challenges his conviction on Count 4 – use of a firearm during a crime of violence under § 924(c) – arguing that the residual clause of that provision is void for vagueness.[3] Assuming that the reasoning in *Johnson* applies to the residual clause found in § 924(c)(3)(B), the physical force provision found in § 924(c)(3)(A)

---

[3] Section 924(c)(3) defines "crime of violence" for purposes of § 924(c) as:

an offense that is a felony and –
   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

would still stand. Thus, Daily's conviction would still be supported if he used or carried a firearm during and in relation to a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(1)(A), (3)(A).

In this case, Daily's § 924(c) conviction was based on his conviction of Count 2 for bank robbery under 18 U.S.C. § 2113(a) and (d). (*See* Second Superseding Indictment at 5-7, Jan. 3, 2005, Docket No. 63; *see also* Am. J.) For a conviction under § 2113(a), "the government must prove the defendant took the money from the bank 'by force and violence, or by intimidation.'" *United States v. Pickar*, 616 F.3d 821, 825 (8th Cir. 2010) (quoting § 2113(a)). Daily argues that because this element can be met by "intimidation" the crime does not require "physical force" and does not qualify as a crime of violence under § 924(c)(3)(A).

At least two circuit courts have rejected this argument. *See United States v. McNeal*, 818 F.3d 141, 152-57 (4th Cir. 2016); *In re Sams*, 830 F.3d 1234, 1238-39 (11th Cir. 2016). In *McNeal*, the Fourth Circuit found that a conviction under § 2113(a) qualifies as a "crime of violence" under the "physical force" clause because, "the term 'intimidation' in § 2113(a) simply means 'the threat of the use of force.'" 818 F.3d at 154. This logic holds in the Eighth Circuit, which has held that "[t]he intimidation element is satisfied if an ordinary person in the position of a victim teller or bank employee reasonably could have inferred a threat of bodily harm from the robber's actions." *United States v. Gipson*, 383 F.3d 689, 699 (8th Cir. 2004); *see also Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (per curiam) (stating that "bank robbery

in violation of [§ 2113(a)] and (e) is a 'crime of violence' under [§ 924(c)(3)(A)]" and citing *McNeal*). Thus, even applying *Johnson* to § 924(c), Daily's conviction would stand because his conviction for bank robbery under § 2113(a) and (d) "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). Accordingly, Daily's challenge under *Johnson* fails.

V. **INEFFECTIVE ASSISTANCE OF COUNSEL**

A. **Career Offender**

Daily next argues that he suffered ineffective assistance of counsel at both his original sentencing and his resentencing based on his counsels' failure to argue that the career criminal portion of the sentencing guidelines did not apply. Daily presented this argument *pro se* in the supplement to his 2009 § 2255 motion, (Opening Br. for Def. at 6-7, Aug. 4, 2011, Docket No. 291), and at his resentencing, (Tr. of Mot. Hr'g at 3:7-5:21, 7:14-11:12, Sept. 21, 2011, Docket No. 301). Daily also may have made the same argument *pro se* before the Eighth Circuit on direct appeal of his resentencing. *See Daily*, 703 F.3d at 453 n.2 (stating that Daily raised "further objections to his sentence" in a *pro se* brief, which the court "reject[ed] as meritless"). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). However, Daily's argument is based on ineffective assistance of counsel, which he did not and

could not have argued before the Eighth Circuit. While Daily did make the same argument previously, while *pro se*, his counsel did not present it at any time.

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Keys v. United States*, 545 F.3d 644, 646 (8th Cir. 2008) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000)). "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "To overcome that presumption, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

Daily argues that his counsel was ineffective by failing to object to the Court's reliance on the Presentence Investigation Report ("PSR") and its description of Daily's prior offenses – which were based on police reports and complaints, rather than the convictions themselves – to determine that Daily was a career offender. In *Shepard v. United States*, the Supreme Court ruled that the sentencing court may look to statutory elements, charging documents, and jury instructions, but not police reports or complaint applications, when determining whether a crime satisfies the generic definition of burglary in the ACCA. 544 U.S. 13, 16 (2005). Daily argues that under *Shepard*, the Court should not have relied on the police reports or criminal complaint to determine

whether his prior crimes were crimes of violence, and his counsel was ineffective for failing to raise the issue.

The Court sentenced Daily as a career offender under § 4B1.1(c)(2). To do so, the Court had to find that Daily's offense was a crime of violence and that at least two of his prior felony convictions were either crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). The jury found Daily guilty of Count 4 for using a firearm during a crime of violence, and thus, the Court was only required to consider whether two of Daily's prior convictions were crimes of violence or were controlled substances offenses.

Aside from one drug conviction not at issue here, Daily does not appear to dispute that he was convicted of the crimes listed in the PSR; instead, he argues that the Court was barred from relying on the PSR's description of the crimes because the probation officer looked to incident reports and other documents disallowed by *Shepard*. However, the Court need not have looked at the description of the offenses in reaching its decision. During the relevant time period, Daily was convicted of four robbery offenses, which qualify as crimes of violence under the Sentencing Guidelines. U.S.S.G. § 4B1.2 cmt. n.1 (2011) (including robbery as a crime of violence); *see also United States v. McDougherty*, 920 F.2d 569, 573-74 (9th Cir. 1990) (finding a conviction under the California robbery statute to be a crime of violence). Accordingly, even without considering the additional detail provided in the PSR, the Court could have properly found that Daily committed at least two prior crimes of violence and therefore § 4B1.1(c)(2) applied.

Thus, because Daily would still have been sentenced under the career offender guideline even if the Court had not relied on documents barred by *Shepard*, Daily's counsel did not fall below the objective standard of reasonableness by failing to raise this argument under *Shepard*, and Daily was not prejudiced by the failure to raise the argument. Accordingly, the Court will deny Daily's motion on this ground.

B.     **Statutory Maximum**

Finally, Daily argues that he received ineffective assistance of counsel at his resentencing and on appeal of his resentencing based on his counsel's failure to object to the fact that his sentence on Count 2 exceeded the statutory maximum. The United States concedes that an error was made but argues that the error was harmless.

Daily was originally sentenced to a total of 444 months, which the Court distributed as 60 months on Count 1 and 300 months on Count 2, to run concurrently, and 144 months on Count 4, to run consecutively to Counts 1 and 2. (2005 J. at 2.) At his resentencing hearing, the Court reduced Daily's total sentence to 420 months, but did not break down the sentence by count. (Resentencing Tr. at 27:22-25.) In the subsequent Amended Judgment, the Court distributed the total of 420 months as 60 months on Count 1 and 336 months on Count 2, to run concurrently, and 84 months on Count 4, to run consecutively to Counts 1 and 2. (Am. J. at 2.) Thus, in splitting up the total sentence, the Court decreased Daily's sentence on Count 4 by 60 months, but increased Daily's sentence on Count 2 by 36 months, which extends beyond the statutory maximum

of 300 months for that Count. *See* § 2113(d) (setting a statutory maximum of 300 months).

While the specific sentence attributed to Count 2 exceeded the statutory maximum for that offense, the same total sentence could be imposed by moving the excess time from Count 2, to Count 4, which does not have a statutory maximum. *Olten v. United States*, 565 F. App'x 558, 561-62 (8th Cir. 2014) (collecting cases and denying § 2255 relief where the defendant's total sentence could have been imposed as consecutive terms). The error in distributing Daily's sentence among his three counts, made while **reducing** Daily's sentence by twenty-four months, was harmless, and Daily's counsel was not ineffective for failing to raise the issue; therefore, the Court will deny Daily's motion.

## VI.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds it unlikely that another court would decide the issues raised in Daily's motion differently and the issues are not debatable or deserving of further proceedings. The

Court therefore concludes that Daily has failed to make the required substantial showing of the denial of a constitutional right and will deny a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The United States' January 2016 Motion to Dismiss Daily's New Section 2255 Claim [Docket No. 339] and June 2016 Motion to Dismiss Daily's New Section 2255 Claim [Docket No. 344] are **GRANTED**.

2. Daily's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 331], Supplemental Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 337], Supplemental Motion and Memorandum [Docket No. 343], and Request for Enlargement of Time [Docket No. 345] are **DENIED**.

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 27, 2017　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court